# EX PARTE ROYALL.

ORIGINAL.

Submitted October 14, 1884.—Decided November 10, 1884.

The act of March 27, 1868, 15 Stat. 44, took from this court the jurisdiction to review on appeal a decision of a Circuit Court upon a writ of habeas corpus. The court has no jurisdiction to review it on a writ of error.

This was a motion for leave to file a petition for a writ of certiorari. The objects of the writ and the grounds for the motion are stated in the opinion of the court.

*Mr. William L. Royall*, the petitioner, in person.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The petition which we are asked to grant permission to file prays for a writ of *certiorari* commanding "the clerk of the Circuit Court of the United States for the Eastern District of Virginia to certify to this court a full, true and perfect transcript of the record, judgment and proceedings had in the Circuit Court," under a writ of *habeas corpus*, issued by that court on the application of the petitioner, for the purpose of an inquiry into the cause of his detention by the Hustings Court of the city of Richmond for trial upon an indictment found against him in that court. The Circuit Court refused to discharge the prisoner, but, on his "stating that he intended to apply to this . . . court to review the order made by the Circuit Court," that court admitted him "to bail, the condition of his bond being that he should appear here on the first day of the present term, . . . and if this court should fail to make any order in the case, then to appear before the . . . Circuit Court . . . and abide by the further order of that court." The petition further prays that this court "may make all such other orders as . . . petitioner's case may require, and as may be necessary to give him the full protection of the Constitution and laws of the United States. That the cause of . . . petitioner's unlawful custody may be inquired into, and that the erroneous judgment of the Circuit Court may be

reviewed and reversed, and  .  .  .  petitioner restored to the liberty of which he has been illegally and unconstitutionally restrained."

This court has no jurisdiction, under the form of an appeal or writ of error, to review a decision of a Circuit Court upon a writ of *habeas corpus* in the case of a person "alleged to be restrained of his liberty in violation of the Constitution or of any law or treaty of the United States." Such an appeal was given by the act of February 5, 1867, ch. 28, 14 Stat. 385, but it was taken away by the act of March 27, 1868, ch. 34, 15 Stat. 44, and has never been restored.

In *Ex parte Yerger*, 8 Wall. 85, 103, it was held "that, in all cases where a Circuit Court of the United States has, in the exercise of its original jurisdiction, caused a prisoner to be brought before it, and has, after inquiring into the cause of detention, remanded him to the custody from which he was taken, this court, in the exercise of its appellate jurisdiction, may, by the writ of *habeas corpus*, aided by the writ of *certiorari*, review the decision of the Circuit Court, and if it be found unwarranted by law, relieve the prisoner from the unlawful restraint to which he has been remanded." The jurisdiction is acquired by this court in such a case through its own writ of *habeas corpus*, and, until that is issued, there is no power to proceed. In the present case no such writ is asked for, and, as the Circuit Court has not yet remanded the prisoner to the custody from which he was taken, he is in no condition to apply for one under the ruling in *Yerger's Case*. We know of no authority in the Circuit Court to take a bond from a prisoner brought before it, by its own writ of *habeas corpus*, to appear in this court to answer that writ. It follows that, if we had before us the record which it is sought to bring up by the *certiorari*, we could not proceed to a review of the decision complained of, and the motion for leave to file a petition for the writ is                                        *Denied.*